**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ANDREW GLENDENING,**<br>6818 123rd Avenue,<br>Largo, FL 33773<br><br>Plaintiff,<br>**v.**<br><br>**ARCHITECT OF THE CAPITOL,**<br>15 Washington Ave SW<br>Washington, DC 20515<br><br>Defendant. | ) | Civil Action No. _________<br><br>**Jury Requested** |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**COMES NOW** Plaintiff, Andrew Glendening, hereinafter ("Plaintiff"), by and through his undersigned counsel, sues the Architect of the Capitol ("Agency" or "Defendant"), and for his cause of action states the following:

## PRELIMINARY STATEMENT

1. This is a civil action for disability discrimination, failure to provide a reasonable accommodation, disability-based hostile work environment, and unlawful retaliation. Plaintiff Andrew Glendening brings this action against his employer, the Architect of the Capitol, under the Congressional Accountability Act of 1995 ("CAA"), 2 U.S.C. § 1311 *et seq*., which applies the rights and protections under the Rehabilitation Act of 1973, 29 U.S.C. 791 and the Americans Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112–12114, to covered employees of the legislative branch, see 2 U.S.C. § 1311(a)(3), and which prohibits intimidation and reprisal

against covered employees who oppose unlawful practices or participate in protected proceedings, see 2 U.S.C. § 1317(a).

2. Mr. Glendening was a Data Analyst, GS-13, in the Architect of the Capitol's Office of Safety and Code Compliance. He has been diagnosed with Attention-Deficit/Hyperactivity Disorder ("ADHD"), a disability that substantially limits major life activities including concentration, thinking, and cognitive processing.

3. After Mr. Glendening requested a reasonable accommodation and engaged in other protected EEO activity, the Architect of the Capitol increased his workload, refused to implement the very accommodations it had approved, subjected him to a hostile work environment, subjected him to counseling for raising accommodation concerns, and issued him a formal Memorandum of Counseling that threatened discipline up to and including removal. As a result, Mr. Glendening has suffered, and continues to suffer, significant harm, including lost leave, emotional distress, and other damages.

## JURISDICTION

4. This Court has jurisdiction over this Complaint pursuant to 29 U.S.C. Section 791, Section 201 of the Congressional Accountability Act, 42 U.S.C. §§ 12112–12114of the Americans Disabilities Act of 1990, the Rehabilitation Act of 1973, 29 U.S.C. 791, and 28 U.S.C. § 1331.

## VENUE

5. Venue is proper in this district under 2 U.S.C. § 1408 and 28 U.S.C. § 1391(e)(1), because the Architect of the Capitol is an agency of the United States located in the District of

Columbia and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6. Mr. Glendening has satisfied all conditions precedent to bringing this action. On August 27, 2026, he timely filed a claim with the Office of Congressional Workplace Rights ("OCWR") alleging the violations set forth herein, within the 180-day period required by 2 U.S.C. § 1402(d).

7. Mr. Glendening has not requested a hearing on his claim pursuant to 2 U.S.C. § 1405(a). He brings this civil action within the 70-day period beginning on the date he filed his OCWR claim, as authorized by 2 U.S.C. § 1401(b).

8. Mr. Glendening has fully complied with all administrative prerequisites to suit under the CAA, which provides the exclusive procedure for seeking a remedy for the rights and protections it affords. See 2 U.S.C. § 1361(d).

**PARTIES**

9. Plaintiff Andrew Glendening resides in Largo, Florida. At all relevant times was employed by the Architect of the Capitol as a Data Analyst, GS-13, in the Office of Safety and Code Compliance.

10. Defendant the Architect of the Capitol is an employing office with offices located in Washington, D.C. The Architect of the Capitol is the proper defendant in this action as the

employing office alleged to have committed, and in which occurred, the violations alleged herein.

**FACTS**

11. Mr. Glendening is a Data Analyst, GS-13, in the Architect of the Capitol's Office of Safety and Code Compliance.

12. Throughout his tenure, Complainant's job performance met or exceeded the Agency's legitimate expectations.

13. Danezza Quintero became Mr. Glendening's supervisor in or about October 2023 and later served as Deputy Director of Safety and Code Compliance.

14. Charles ("Chuck") Iliff became Mr. Glendening's supervisor in or about October 2024 and serves as Director of the Office of Safety and Code Compliance.

15. Mr. Glendening has been diagnosed by his treating physician with Attention-Deficit/Hyperactivity Disorder ("ADHD").

16. Mr. Glendening's condition results in functional limitations affecting concentration, stress tolerance, and cognitive processing, particularly in unstructured or high-stimulus work environments. These limitations substantially limit one or more major life activities, including concentrating, thinking, and working.

17. Mr. Glendening is a qualified individual with a disability within the meaning of the ADA and Rehabilitation Act, as applied through the CAA.

18. On or about December 17, 2025, Mr. Glendening met with Mr. Iliff to discuss a reasonable accommodation.

19. On or about January 5, 2026, Mr. Glendening submitted a formal Reasonable Accommodation Request, supported by his physician's letter, to the Agency's human resources office.

20. The accommodations his physician recommended included: (a) written clarification of tasks, responsibilities, priorities, and decision authority; and (b) advance notice of meetings, including agendas and anticipated decision points, and post-meeting summaries documenting decisions, action items, and assigned responsibilities and tasks.

21. Beginning in or about January 2026—immediately after Mr. Glendening submitted his accommodation request—and continuing thereafter, the Agency, acting through Ms. Quintero, directed unnecessary and excessive work requests to Mr. Glendening. Mr. Glendening's similarly situated coworkers did not receive a comparable increase in work assignments.

22. On or about May 1, 2026, the Agency's human resources office notified Mr. Glendening in writing that his supervisor had approved his requested accommodations.

23. Despite approving Mr. Glendening's accommodations, the Agency, acting through Mr. Iliff, refused to implement them.

24. On or about May 6, 2026, Mr. Iliff stated in writing that he "cannot survey every email" to ensure that work requests complied with Mr. Glendening's accommodation.

25. No intake or screening process was put in place, and no written agendas or post-meeting summaries were provided as the accommodation required.

26. As a direct result of the Agency's failure to implement the approved accommodations, Mr. Glendening was repeatedly required to perform tasks in a manner inconsistent with his accommodations and his physician's recommendations.

27. For example, Mr. Glendening was directed to attend meetings without the agendas or written follow-up his accommodation required; he was placed on the spot, without preparation, to answer questions about his own work during unstructured meetings; and he was forced to research, draft, and justify work-prioritization decisions himself, without the supervisory support the accommodation was designed to provide.

28. On or about May 8, 2026, Mr. Iliff directed Mr. Glendening to attend a meeting in a manner that conflicted with his approved accommodation.

29. On or about May 14, 2026, Mr. Iliff met with Mr. Glendening and, according to Mr. Iliff, converted that meeting into an informal counseling after Mr. Glendening raised concerns about the Agency's failure to implement his accommodation.

30. On or about May 15, 2026, in a meeting with human resources, Mr. Iliff questioned the validity of Mr. Glendening's approved reasonable accommodation.

31. On July 30, 2026, Mr. Iliff issued Mr. Glendening a written Memorandum of Counseling.

32. The memorandum of Counseling stated that Mr. Glendening's communications with Mr. Iliff and others between May 4, 2026 and May 14, 2026 were "not acceptable" and not in compliance with the AOC Standards of Conduct.

33. The communications referenced in the Memorandum of Counseling concerned Mr. Glendening's accommodation and his objections to contract-related requests.

34. The Memorandum of Counseling threatened that continuing failure to communicate professionally and follow leadership directives "may result in a disciplinary action, up to and including, removal."

35. The Memorandum of Counseling was an adverse personnel action placed in Complainant's personnel file.

36. Throughout this period, Mr. Glendening was required to take substantial sick and annual leave as a result of stress caused by the Agency's conduct, including its failure to implement his accommodation, the excessive work assignments, and the hostile treatment described above.

37. The Agency did not implement Mr. Glendening's approved accommodation.

38. Mr. Glendening has suffered emotional distress as a result of the ongoing discrimination and harassment.

39. Mr. Glendening was forced to resign as a result of the Agency's discrimination, failure to accommodate him, and harassment.

40. Mr. Glendenning's rights and entitlement as a employee were infringed upon.

## COUNT ONE

**Failure to Provide a Reasonable Accommodation (Congressional Accountability Act, 2 U.S.C. § 1311(a)(3); Rehabilitation Act of 1973, 29 U.S.C. 791; Americans with Disabilities Act, 42 U.S.C. § 12112(b)(5)(A))**

41. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

42. At all relevant times, Mr. Glendening was an individual with a disability, ADHD, within the meaning of the ADA and Rehabilitation Act as applied through the CAA, 2 U.S.C. § 1311(a)(3).

43. The Architect of the Capitol had notice of Mr. Glendening's disability, including through his December 17, 2025 meeting with Mr. Iliff, his January 5, 2026 Reasonable Accommodation Request, and his physician's supporting letter.

44. With reasonable accommodation, Mr. Glendening could perform, and did perform, the essential functions of his position. The accommodations he requested were reasonable and would not have imposed an undue hardship on the Agency.

45. The Architect of the Capitol failed and refused to provide Mr. Glendening the reasonable accommodations it had approved. It put in place no process to honor the accommodations, disclaimed any obligation to ensure that work requests complied with them, and repeatedly required Mr. Glendening to work without the accommodations in place.

46. As a direct and proximate result of the Agency's failure to accommodate, Mr. Glendening has suffered damages, including the loss of sick and annual leave, emotional distress, and other harm, in violation of 2 U.S.C. § 1311(a)(3).

## COUNT TWO

### Disability Discrimination

**(Congressional Accountability Act, 2 U.S.C. § 1311(a)(3); Rehabilitation Act of 1973, 29 U.S.C. 791; Americans with Disabilities Act, 42 U.S.C. § 12112(a))**

47. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

48. Mr. Glendening is a qualified individual with a disability who was able to perform the essential functions of his position with or without reasonable accommodation.

49. The Architect of the Capitol discriminated against Mr. Glendening in the terms, conditions, and privileges of his employment because of his disability, including by assigning him excessive work not given to his similarly situated coworkers, refusing to honor his approved accommodation, subjecting him to counseling, and issuing him a Memorandum of Counseling, in violation of 2 U.S.C. § 1311(a)(3).

50. As a direct and proximate result of the Agency's discrimination, Mr. Glendening has suffered damages, including the loss of sick and annual leave, emotional distress, and other harm.

## COUNT THREE

### Hostile Work Environment Harassment

**(Congressional Accountability Act, 2 U.S.C. § 1311(a)(3); Rehabilitation Act of 1973, 29 U.S.C. 791; Americans with Disabilities Act, 42 U.S.C. § 12112(a))**

51. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

52. Mr. Glendening is an individual with a disability within the meaning of the ADA as applied through the CAA.

53. The Architect of the Capitol subjected Mr. Glendening to unwelcome harassment because of his disability and his need for accommodation, including a sustained course of excessive and unscoped work assignments, refusal to implement his approved accommodation, challenges to the validity of his accommodation, counseling for raising accommodation concerns, and a Memorandum of Counseling threatening removal.

54. This conduct was sufficiently severe or pervasive to alter the terms, conditions, and privileges of Mr. Glendening's employment and to create a work environment that a reasonable person would find hostile or abusive, and that Mr. Glendening did find hostile or abusive.

55. There is a basis for holding the Architect of the Capitol liable for the hostile work environment, which was created and perpetuated by Mr. Glendening's own supervisors acting within the scope of their authority.

56. As a direct and proximate result of the hostile work environment, Mr. Glendening has suffered damages, including the loss of sick and annual leave, emotional distress, and other harm, in violation of 2 U.S.C. § 1311(a)(3).

## COUNT FOUR

### Retaliation
### (Congressional Accountability Act, 2 U.S.C. § 1317(a))

57. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

58. Mr. Glendening engaged in protected activity, including requesting a reasonable accommodation for his disability in good faith, raising concerns with Mr. Iliff and human

resources about the Agency's failure to implement his approved accommodation, and opposing practices he reasonably believed to be unlawful under the CAA.

59. After and because of this protected activity, the Architect of the Capitol took materially adverse actions against Mr. Glendening—actions that would dissuade a reasonable employee from requesting an accommodation or opposing unlawful conduct—including markedly increasing his workload, subjecting him to informal counseling, and issuing him a Memorandum of Counseling that threatened discipline up to and including removal.

60. A causal connection exists between Mr. Glendening's protected activity and the adverse actions, as shown by, among other things, the close temporal proximity between his accommodation request and the escalation of his workload, and between his accommodation-related complaints in May 2026 and the Memorandum of Counseling.

61. As a direct and proximate result of the Agency's retaliation, Mr. Glendening has suffered damages, including the loss of sick and annual leave, emotional distress, and other harm, in violation of 2 U.S.C. § 1317(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Andrew Glendening respectfully requests that this Court enter judgment in his favor and against Defendant the Architect of the Capitol, and grant the following relief:

A. A declaration that Defendant's conduct violated the Congressional Accountability Act, the Rehabilitation Act, and the Americans with Disabilities Act as applied thereby;

B. An order directing Defendant to rescind the July 30, 2026 Memorandum of Counseling and remove it, and any reference to it, from Plaintiff's personnel records;

C. An order directing Defendant to compensate Plaintiff the leave he was forced to use as a result of Defendant's unlawful conduct;

D. An award of compensatory damages, both pecuniary and non-pecuniary, in an amount to be proven at trial, together with interest;

E. An award of Plaintiff's reasonable attorneys' fees, costs, and expenses incurred in connection with this action; and

F. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated: November 5, 2026

Respectfully submitted,

*/s/ Donna Williams Rucker*
Donna Williams Rucker
(D.C. Bar 446713)
Managing Partner
TULLY RINCKEY PLLC
2001 L Street NW, Suite 902
Washington, DC 20036
Phone: (202) 787-1900
Fax: (202) 640-2059
drucker@fedattorney.com

*/s/ Dolapo Oshin*
Dolapo Oshin
(D.C. Bar 90011935)
Associate
TULLY RINCKEY PLLC
2001 L Street NW, Suite 902
Washington, DC 20036
Phone: (202) 787-1900
Fax: (202) 640-2059
doshin@tullylegal.com

*Counsel for Plaintiff*